UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **AGTECH SCIENTIFIC, LLC,** 1077 Cane Ridge Rd., Paris, Kentucky 40361<br><br>and,<br><br>**COLOR POINT, LLC,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**JEFF WADE DESIGNS, LLC**<br><br>Serve Registered Agent:<br><br>Steven Mark Piascik<br>4470 Cox Road, Suite 250<br>Glen Allen, Virginia 23060<br><br>And<br><br>**CENTREX TECHNICAL SALES, LLC**<br><br>Serve Registered Agent:<br><br>T. Andrew Lingle<br>1600 Huguenot Road, Suite 119<br>Midlothian, VA 23113<br><br>**Defendants.** | CIVIL ACTION NO. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

**NATURE OF THE ACTION**

1.     This is a civil action in which plaintiff AgTech Scientific, LLC ("AgTech") and Color Point, LLC ("Color Point") (collectively, "Plaintiffs") seek damages from Defendant Jeff Wade Designs, LLC ("JWD") related to its breach of an agreement to provide a hemp biomass

stripping machine (the "Machine") and to obtain a declaration of rights pursuant to F.R.C.P. 57 and 28 U.S.C. § 2001, *et seq.*, concerning matters in actual controversy between Plaintiffs and Defendant Centrex Technical Sales, LLC ("Centrex") related to a mechanic's lien threatened by Centrex against Plaintiffs related to the Machine. Plaintiffs contracted with JWD for JWD to design and build the Machine and provide it in time for the Fall 2019 harvest season. Plaintiffs paid JWD over $2.6M related to the Machine, but JWD has not provided the Machine as promised. As a result, Plaintiffs have been unable to use the Machine as expected and incurred additional expenses as a result. Additionally, JWD has demanded over $1.2M more in payments related to the Machine. This additional demand for payment exceeds the agreed-on contract price and the value of the Machine that was delivered to Plaintiffs. Centrex claims that it supplied JWD with materials related to the Machine and has threatened to file a mechanic's lien for over $350,000 against Plaintiffs' property if they do not pay Centrex the amount it claims it is owed.

## THE PARTIES, JURISDICTION, AND VENUE

2. AgTech is a limited liability company organized under the laws of the state of Kentucky. For diversity purposes, AgTech is a citizen of Nevada and Kentucky.

3. Color Point is a limited liability company organized under the laws of the state of Kentucky. For diversity purposes, Color Point is a citizen of Nevada and Kentucky.

4. JWD is a Virginia limited liability company. On information and belief, none of JWD's members are citizens of Nevada or Kentucky.

5. Centrex is a Virginia limited liability company. On information and belief, none of Centrex's members are citizens of Nevada or Kentucky.

20828867.1

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because there is diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over both defendants because they both transacted business in this judicial district.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the events and facts giving rise to the claims asserted herein occurred, in whole or in part, in this judicial district, and the subject matter of the contract from which the claims arise is located in this judicial district.

## FACTS GIVING RISE TO COMPLAINT

8. Plaintiffs are in the industrial hemp farming, processing, and formulation industry.  To obtain usable biomass from the raw hemp plant, that usable biomass must be removed or "stripped" from the stalks and branches of hemp plants.

9. Plaintiffs employed a large number of people to strip the usable biomass manually.

10. The Machine was intended to strip useable biomass from the hemp plants and automate the stripping process thereby decreasing the amount of manual labor necessary. Using manual labor, on average it takes seventy man hours to strip 4,000 hemp plants.  As represented by JWD, the Machine would strip 4,000 hemp plants per hour with the assistance of up to 20 workers (man hours).  Had the Machine worked as promised, Plaintiffs would have saved over 87,500 man hours based on the seven million plants stripped in 2019.

11. In early 2019, Plaintiffs contacted JWD about designing and building the Machine.

12. Plaintiffs explained to JWD the purpose for the Machine along with certain necessary requirements and outputs for the Machine.

13. JWD confirmed that it understood Plaintiffs' requirements and represented that it had the technical skill and ability to design and build the Machine to Plaintiffs' specifications.

14. The Machine was to be delivered to Plaintiffs' property and assembled inside a building where Plaintiffs perform operations related to their industrial hemp business at 1077 Cane Ridge Road, Paris, Kentucky.

15. The Machine is not a fixture.

16. In April, 2019, Plaintiffs and JWD reached an agreement that JWD would design and build the Machine based on Plaintiffs' requirements and specifications. The contract price for the Machine was understood by Plaintiffs to be approximately $2 million.

17. Plaintiffs made their first payment to JWD on April 10, 2019, in the amount of $200,000 from Color Point and $50,000 from AgTech for a total of $250,000.

18. JWD sent invoices to Plaintiffs and Plaintiffs paid those invoices. JWD's invoices substantially exceeded the contract price provided by JWD to design and build the Machine. Based on JWD's representations that the Machine would perform as expected and meet Plaintiffs' specifications, Plaintiffs paid the invoices. In total, Plaintiffs paid JWD $2,433,860.53 between April 10, 2019 and August 28, 2019 for the Machine.

19. On July 1, 2019, JWD confirmed that it would deliver the Machine to Plaintiffs no later than August 20, 2019. JWD also confirmed that the Machine would perform to Plaintiffs' specifications and expectations.

20. JWD did not deliver the Machine for use in Plaintiffs' stripping operations until after October 12, 2019.

21. As a result of the delay in delivering the Machine, Plaintiffs were forced to delay the harvest of hemp plants which resulted in the loss of harvestable plants. As a result of the delayed harvest, Plaintiffs lost in excess of 200,000 pounds of hemp which, at a value of $10 per pound, caused at least a $2 million loss to Plaintiffs.

22. Even after the Machine was delivered and assembled, it did not function as represented by JWD and did not meet Plaintiffs' specifications. In particular, the Machine would not remove all of the hemp biomass as required, necessitated multiple passages through the Machine, and additional manual labor to recover all useable biomass.

23. As a result, Plaintiffs hired workers to manually remove the hemp biomass during the delay period the Machine was not operable.. This resulted in Plaintiffs having an unexpected increased labor cost related to its operations of approximately $1.9 million based on the unsaved 87,000 man hours at Plaintiffs' cost of $22.00 per hour for workers.

24. In a letter dated January 23, 2020, an attorney for JWD demanded payment from Color Point in the amount of $1,230,029.18. This amount is based on invoices sent to Plaintiffs from JWD. With this amount, JWD billed a total of over $3.6 million for a Machine that did not work.

25. In a letter dated January 31, 2020, an attorney for Centrex threatened to file a mechanic's lien against Plaintiffs' property related to an alleged debt owed by JWD to Centrex. Centrex claims it is owed $351,373.40.

26. Plaintiffs never made any payments directly to Centrex or entered into any agreement with Centrex related to the Machine.

20828867.1

## COUNT 1
## BREACH OF CONTRACT (AGAINST JWD)

27. Plaintiffs incorporate by reference all of the above paragraphs, as if fully set forth herein.

28. Plaintiffs and JWD entered into a contract for JWD to design and build the Machine based on Plaintiffs' requirements and specifications.

29. Plaintiffs paid JWD $2,433,860.53, which was in excess of the contract price agreed to between the parties.

30. The Machine as delivered by JWD did not meet the requirements and specifications agreed to between the parties.

31. As a result, Plaintiffs have sustained damages.

## COUNT 2
## DECLARATORY JUDGMENT (AGAINST CENTREX)

32. Plaintiffs incorporate by reference all of the above paragraphs, as if fully set forth herein.

33. An actual case or controversy exists between Plaintiffs and Centrex with respect to the demand for payment from Centrex in the amount of $351,373.40.

34. The Machine is not permanently incorporated with the building in which it is located. It can be removed at any time.

35. There is no contract or agreement between Plaintiffs and Centrex related to the Machine.

36. Consequently, any labor or materials furnished by Centrex to JWD are not sufficient to form the basis for a mechanic's lien under Kentucky law.

37. This Court has jurisdiction and power to determine whether the Kentucky mechanic's lien statute applies to the Machine under 28 U.S.C. § 2201 *et seq.*

38. Plaintiffs respectfully request a declaratory judgment from the Court that the Machine is not subject to KRS 376.010, *et seq.* and that Centrex has no claim against Plaintiffs for any amounts allegedly owed to Centrex by JWD and that Centrex has no right to assert a mechanic's lien on any of Plaintiffs' property.

## JURY DEMAND

39. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues triable of right by a jury.

WHEREFORE, Plaintiffs respectfully request the following relief:

1. On Count 1, judgment in favor of Plaintiffs for damages related to JWD's breach of the contract in an amount to be determined at trial;

2. On Count 2, an order declaring that the Machine is not subject to the Kentucky mechanic's lien statute and the Centrex has not claim against Plaintiffs for any amounts allegedly owed to it by JWD;

3. A trial by jury on all issues triable of right by a jury; and

4. Such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ V. Brandon McGrath*
V. Brandon McGrath
Dentons Bingham Greenebaum LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.455.7641
brandon.mcgrath@dentons.com

7

20828867.1

    and

    Jason T. Ams
    Dentons Bingham Greenebaum LLP
    300 West Vine Street, Suite 1200
    Lexington, Kentucky 40507
    Telephone:  (859) 231-8500
    Fax:  (859) 255-2742
    jason.ams@dentons.com